JONATHAN SHARP, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO CLINTON.

On a trial for an assault with intent to inflict a bodily injury, previous threats of the prisoner are admissible in proof.

SHARP was indicted in the Clinton Circuit Court, for committing an assault upon Thomas J. Locey, with intent to inflict upon him a serious bodily injury, and was found guilty under the indictment.

It was proven on the trial that Sharp had threatened, sometime previous to the assault, that if he ever got into a difficulty with the Loceys, he would hurt some of them. Objection was made to the introduction of this testimony, but it was allowed to go to the jury.

W. STOKER, for Plaintiff in Error.

G. W. WALL, for The People.

CATON, C. J. There is no doubt that the court decided correctly in admitting the testimony of the previous threats made by the prisoner. It was for the jury to determine how much weight should be given them.

The other question is, did the court err in refusing to grant a new trial upon the evidence? The evidence is very clear that the prisoner stabbed the prosecutor several times with a knife, but there is much to show that he did it while acting on the defensive. Before the wounds were inflicted, and during the fight between the prisoner and Thomas J. Locey, the former retreated a considerable distance, and warned the latter to desist, which he refused to do, but struck at the prisoner as fast as he could, and followed him up for this purpose, according to his own testimony, and then it was that the prisoner used the knife and inflicted several very dangerous wounds. This evidence might have justified the jury in concluding that the wounds were inflicted in necessary self-

defense. But they undoubtedly considered from the evidence that he was the original aggressor, as between these parties at least, and probably considered that he used the knife beyond the measure of necessary self-defense, and hence they found him guilty, and that verdict was approved by the court below. We think the jury better qualified to judge of this controversy upon the testimony given in open court before them, than we are from a mere record of it, and must decline, as the court below did, to interfere with their finding, although we cannot say that we should have been dissatisfied with a verdict of acquittal.

The judgment must be affirmed.     *Judgment affirmed.*